*E-Filed: February 14, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAIME MEJIA, | No. C13-01157 HRL |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| BANK OF AMERICA, NATIONAL ASSOCIATION, ET AL., | **[Re: Docket No. 24]** |
| Defendants. | |

Plaintiff Jaime Mejia ("Plaintiff") sues Defendants Bank of America, N.A. ("BANA") and FIA Card Services, N.A. ("FIA") (collectively, "Defendants") for failing to reasonably investigate his dispute in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C § 1681s-2(b). He also brings related state law claims for alleged violations of the California Consumer Credit Reporting Agencies Act (CCRAA), Cal. Civ. Code § 1785.25(a), as well as California's Unfair Competition Law ("UCL"), Cal. Bus. Prof. Code § 17200. Defendants move for summary judgment on all claims. Mejia did not file a response, and at the hearing on February 11, 2014, counsel for Plaintiff expressly stated his non-opposition. Both parties consented to having all matters proceed before the undersigned. Based on Defendants' motion and Plaintiff's non-opposition, the motion is granted.

BACKGROUND

Plaintiff's First Amended Complaint (FAC) alleges the following: Plaintiff filed for bankruptcy in the Eastern District of California in April 2010. His BANA mortgage account and

FIA credit card account were discharged by order of the bankruptcy court in July 2010. In April 2011, Plaintiff pulled his credit reports, which indicated that BANA reported overdue payments from April 2010 through November 2011. The reports also indicated that FIA reported overdue payments from August 2010 through December 2010 and a charge off notation in September 2011. Plaintiff notified credit reporting agencies (CRAs) that he disputed the information, and they in turn notified the Defendants. In March 2012, he received updated credit reports from the CRAs indicating that Defendants corrected their reporting. However, in February 2013, he received subsequent credit reports indicating that Defendants re-reported the inaccuracies and failed to note that he disputed the information.

Defendants move for summary judgment on the grounds that Plaintiff has no evidence whatsoever to support the allegations in the FAC. The only evidence Plaintiff produced is an inadmissible credit report which actually contains someone else's credit information, yet it appears to have formed the entire basis of his claims.

## LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. *See Nissan Fire & Marine Ins. Co., Ltd.*, 210 F.3d at 1102. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue

of material fact for trial. *See id.* A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248-49.

"When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 325). Once the moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine issue for trial. *Id.*

## DISCUSSION

A. Fair Credit Reporting Act

The FCRA imposes certain obligations on persons who furnish information to CRAs. *See* 15 U.S.C. § 1681s-2. Subsection (a) imposes a duty to provide accurate information; however, there is no private right of action for § 1681s-2(a). There is a private right of action based on subsection (b), which imposes a series of duties once a furnisher receives notice directly from a CRA that a consumer disputes the accuracy of the furnisher's reporting. *See* § 1682s-2(b). Upon notification, a furnisher must, among other things, conduct a reasonable investigation and update any information it finds to be inaccurate or incomplete. *Id.*; *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009). Information can be inaccurate or incomplete if it is "patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012). Furnishers must also report bona fide disputes; however, there is no obligation to "report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading." *Gorman*, 690 F.3d at 1163.

Here, the only evidence of Defendants' alleged inaccurate credit reporting is a Suite Solutions document which purports to provide debtor information for Jaime Mejia. The document provides that the debtor's bankruptcy case was docket number 1149468EDJ in the U.S. Bankruptcy Court in Oakland, CA, and was discharged on December 6, 2011. However, that docket indicates that the debtors involved were "Ludovico Garcia Mejia" and "Primitiva Cayabyab Mejia," not

1 Plaintiff Jaime Mejia, whose bankruptcy case was in a different district and year. Other information
2 provided in the Suite Solutions is also consistent with Ludovico and Primitiva Mejia, not Plaintiff.
3 For example, the report shows delinquencies through November 2011, consistent with Ludovico and
4 Primitiva Mejia's discharge through bankruptcy in December 2011. Thus, it appears that the
5 document does not contain credit information for the plaintiff and that the allegations of the
6 complaint are based on this misinformation. Counsel for Plaintiff conceded as much at the hearing.
7 Accordingly, there is no evidence that Defendants furnished inaccurate credit information about
8 Plaintiff, and Defendants are entitled to summary judgment on the FCRA claim.

B. State Law Claims

The CCRAA provides that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civil Code § 1785.25(a). In determining whether an item of credit is inaccurate, the same test is applied under the FCRA and the CCRAA. *See Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 890-91 (9th Cir. 2010) ("Accordingly, in considering whether [plaintiff]'s credit report was inaccurate within the meaning of the CCRAA, we are guided by *Gorman*'s 'patently incorrect or materially misleading' standard."). As discussed above, there is no evidence to support Plaintiff's allegation that Defendants' reporting was inaccurate. Accordingly, Defendants are entitled to summary judgment on this claim as well.

The sole basis for Plaintiff's UCL claim, as alleged in the FAC, is Defendants' violation of the CCRAA. However, because the Court finds that Defendants are entitled to summary judgment on that claim, Defendants are likewise entitled to summary judgment on the UCL claim.

## CONCLUSION

Based on the foregoing, Defendants' motion for summary judgment is GRANTED as to all claims for relief. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February 14, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

1 **C13-01157 HRL Notice will be electronically mailed to:**

2 Charles James Snyder    csnyder@reedsmith.com, yfernandez@reedsmith.com

3 Elliot Wayne Gale    egale@sagarialaw.com, Glenox@sagarialaw.com, Josborne@sagarialaw.com

4 Jarrett Stanton Osborne-Revis    Josborne@sagarialaw.com

5 Raymond Yoon Ho Kim    rkim@reedsmith.com, pkeen@reedsmith.com

6 Scott Joseph Sagaria    sjsagaria@sagarialaw.com, mmccrory@sagarialaw.com

7 **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**